# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO GREEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | Case No. 1:23-cv-01108-JLT-SAB<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' REQUEST FOR SCREENING OF THE COMPLAINT<br><br>(ECF No. 10) |

On October 13, 2023, Defendants State of California and the California Department of Corrections and Rehabilitation ("Defendants") filed a request for screening of the complaint and a thirty (30) day extension of time for Defendants to file a responsive pleading following the issuance of the screening order. (ECF No. 10.) Defendants request the Court screen the complaint under 28 U.S.C. 1915A(a), which provides that the Court shall review complaints in which a prisoner seeks redress from governmental employees.

Plaintiff Lorenzo Green, a state prisoner represented by counsel, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on July 26, 2023. (ECF No. 1.) Plaintiff's counsel prepared and filed the complaint. (Id.) Plaintiff has also paid the filing fee, and therefore, is not proceeding in forma pauperis. Nevertheless, Defendants argue that the plain language of 28 U.S.C. 1915A(a) "requires that the Court screen ***all*** complaints brought on behalf of prisoners, regardless if the prisoner has counsel or is proceeding *pro se*." (ECF No. 10.)

///

While 28 U.S.C. 1915A(a) does not expressly distinguish between cases that are filed by prisoners who are pro se and those who are represented by counsel, this Court does not typically screen prisoner cases where plaintiff is represented by counsel. Simmons v. CDCR, 49 F. Supp. 3d 700, 701 (E.D. Cal. 2014). The purpose behind judicial screening of prisoner complaints is to prevent complaints which allege non-cognizable claims or are otherwise difficult to understand from being served on defendants. Id. A complaint that is prepared and filed by counsel pursuant to the pleading requirements under Federal Rule of Civil Procedure 11 generally negates the purpose to judicially screen complaints. Id.

However, because the mandatory language in 28 U.S.C. 1915A(a) fails to distinguish between cases that are filed by prisoners who are pro se and those who are represented by counsel, the Court will grant Defendants' request to screen the complaint. The Court will deny, however, Defendants' request for a thirty-day extension of time to respond to the complaint following the issuance of a screening order because it is premature. See Fed. R. Civ. P. 12(a)(1)(A)(i) (a defendant must serve an answer within 21 days after being served). Defendants will file a responsive pleading in accordance with the date that will be specified upon completion of screening or can request an extension at the proper time pursuant to the local rules.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's request for the Court to screen the complaint is GRANTED; and
2. Defendant's request for a thirty-day extension of time to respond to the complaint following the issuance of a screening order is DENIED.

IT IS SO ORDERED.

Dated:   **November 1, 2023**

UNITED STATES MAGISTRATE JUDGE

2