# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO GREEN, | Case No. 1:23-cv-01108-JLT-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THIS ACTION PROCEED ON CLAIMS FOUND COGNIZABLE IN SCREENING AND PURSUANT TO PLAINTIFF'S NOTICE OF INTENT TO PROCEED |
| v. | |
| THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | (ECF Nos. 1, 2, 13, 14) |
| | **FOURTEEN DAY DEADLINE** |

**I.**

**INTRODUCTION**

On July 25, 2023, Plaintiff, a state prisoner represented by counsel, filed this action and paid the filing fee. (ECF Nos. 1, 2.)[1] On October 13, 2023, Defendants State of California and the California Department of Corrections and Rehabilitation filed a request for screening of the complaint and a thirty (30) day extension of time for Defendants to file a responsive pleading following the issuance of the screening order. (ECF No. 10.) On November 2, 2023, the Court granted the request for screening, but denied the request for an extension of time to file a responsive pleading as premature. (ECF No. 12.)

---

[1] Plaintiff filed the complaint twice. (ECF No. 2.) The Court's review of the filings appears to show that the first filing did not contain the signature of counsel. (ECF No. 1 at 42.) The second filing contains the signature of counsel. (ECF No. 2 at 42.) The Court presumes that the second filing is the correct and operative complaint.

1

On November 22, 2023, the Court screened Plaintiff's complaint. (ECF No. 13.) In the screening order, the Court found that Plaintiff: (1) states a potentially cognizable excessive force claim under the Eighth Amendment, against Defendants McHoul, Contreras, Rodrigues, and Duncan; (2) states a potentially cognizable failure to intervene claim in violation of the Eighth Amendment, against Defendants McHoul, Contreras, Rodrigues, Duncan, Whitley, and Velasquez; (3) states a potentially cognizable claim for failure to provide reasonable medical care in violation of the Eighth Amendment, against Defendants McHoul, Contreras, Rodrigues, Duncan, Velasquez, and Whitley; (4) fails to state a cognizable Monell liability claim; (5) states a potentially cognizable claim for supervisory liability, personal involvement, under § 1983, against Defendants Velasquez and Whitley, but not against Defendant Smith; (6) states a potentially cognizable claim for battery against Defendants State, CDCR, McHoul, Rodrigues, Duncan, Contreras, and Velasquez; (7) states a potentially cognizable claim for assault against Defendants State, CDCR, McHoul, Rodrigues, Duncan, Contreras, and Velasquez; (8) states a potentially cognizable claim for negligence against all named Defendants; and (9) states a potentially cognizable claim for intentional infliction of emotion distress against Defendants State, CDCR, McHoul, Rodrigues, Duncan, Contreras, Velasquez, and Whitley.[2] (ECF No. 13 at 30.) Stated different, the Court found Plaintiff's complaint states potentially cognizable causes of action except for the fourth cause of action for Monell liability, and the fifth cause of action for supervisory liability as to Defendant Smith only. (Id. at 31.)

The Court granted Plaintiff the opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith, or to file a notice of intent to proceed on the claims found to be cognizable. (Id.) On December 19, 2023, Plaintiff filed a notice of intent to proceed on the cognizable clams identified in the Court's screening order. (ECF No. 14.)

As a result, the Court will recommend that this action only proceed on the claims

---

[2] To be clear, "[a] court's determination, upon screening, that a complaint may state cognizable claims does not preclude a defendant from subsequently bringing a motion to dismiss one or more of those claims under Federal Rule of Civil Procedure 12(b)(6)." Barker v. California Dep't of Corr. & Rehab., No. 2:13-CV-1793 KJN P, 2015 WL 3913546, at *4 (E.D. Cal. June 25, 2015) ("Plaintiff cannot rely solely on the court's screening as a basis for overcoming a Rule 12(b)(6) motion.").

identified as cognizable in the screening order, and the fourth cause of action for Monell liability, and the fifth cause of action for supervisory liability as to Defendant Smith only, be dismissed for the reasons stated in the Court's screening order.  Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's claims identified as cognizable in the Court's screening order that issued on November 22, 2023 (ECF No. 13);

2. Plaintiff's fourth cause of action for Monell liability be dismissed for failure to state a claim upon which relief could be granted, consistent with the Court's screening order; and

3. Plaintiff's fifth cause of action for supervisory liability, **as to Defendant Smith only**, be dismissed for failure to state a claim upon which relief could be granted, consistent with the Court's screening order.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of 28 U.S.C. §636 (b)(1)(B).  Within **fourteen (14) days** after being served with these Finding and Recommendations, any party may file written objections with the Court.  The document should be captioned "Objections to Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 20, 2023**

_____
UNITED STATES MAGISTRATE JUDGE