UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO GREEN, | Case No. 1:23-cv-01108-JLT-SAB (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RE CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| LIEUTENANT WILLIAM M. WHITLEY, et al., | (Doc. 15) |
| Defendants. | |

On July 25, 2023, Lorenzo Green, a state prisoner represented by counsel, filed this action and paid the filing fee. (ECF Nos. 1, 2.)[1] The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On October 13, 2023, the State of California and the California Department of Corrections and Rehabilitation filed a request for screening of the complaint. (Doc. 10.) On November 1, 2023, the Court granted the request for screening. (Doc. 12.)

On November 22, 2023, the magistrate judge screened Plaintiff's complaint. (Doc. 13.) In the screening order, the magistrate judge found that Plaintiff: (1) states a potentially cognizable excessive force claim under the Eighth Amendment, against Defendants McHoul, Contreras, Rodrigues, and Duncan; (2) states a potentially cognizable failure to intervene claim in violation

---

[1] Plaintiff filed the complaint twice. (Docs. 1, 2.) The Court's review of the filings appears to show that the first filing did not contain the signature of counsel. (Doc. 1 at 42.) The second filing contains the signature of counsel. (Doc.. 2 at 42.) The Court presumes that the second filing is the correct and operative complaint.

of the Eighth Amendment, against Defendants McHoul, Contreras, Rodrigues, Duncan, Whitley, and Velasquez; (3) states a potentially cognizable claim for failure to provide reasonable medical care in violation of the Eighth Amendment, against Defendants McHoul, Contreras, Rodrigues, Duncan, Velasquez, and Whitley; (4) fails to state a cognizable *Monell* liability claim; (5) states a potentially cognizable claim for supervisory liability, personal involvement, under § 1983, against Defendants Velasquez and Whitley, but not against Defendant Smith; (6) states a potentially cognizable claim for battery against Defendants State, CDCR, McHoul, Rodrigues, Duncan, Contreras, and Velasquez; (7) states a potentially cognizable claim for assault against Defendants State, CDCR, McHoul, Rodrigues, Duncan, Contreras, and Velasquez; (8) states a potentially cognizable claim for negligence against all named Defendants; and (9) states a potentially cognizable claim for intentional infliction of emotion distress against Defendants State, CDCR, McHoul, Rodrigues, Duncan, Contreras, Velasquez, and Whitley.  (Doc. 13 at 30.)  Stated differently, the magistrate judge found Plaintiff's complaint states potentially cognizable causes of action except for the fourth cause of action for *Monell* liability, and the fifth cause of action for supervisory liability as to Defendant Smith only.  (*Id.* at 31.)

The magistrate judge granted Plaintiff the opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith, or to file a notice of intent to proceed on the claims found to be cognizable.  (*Id.*)  In response, Plaintiff filed a notice of intent to proceed on the cognizable clams identified in the Court's screening order.  (Doc. 14.)

Given the notice, the magistrate judge issued findings and recommendations recommending that this action only proceed on the claims identified as cognizable in the screening order, and the fourth cause of action for *Monell* liability, and the fifth cause of action for supervisory liability as to Defendant Smith only, be dismissed for the reasons stated in the Court's screening order.  (Doc. 15.)  Objections to the recommendation were due within fourteen days.

No objections were filed by the deadline.  However, on December 29, 2023, the parties filed a stipulated notice of dismissal of Defendants CDCR and State of California with prejudice, and Defendant Steve Smith without prejudice pursuant to Federal Rule of Civil Procedure

41(a)(1)(A)(ii). (ECF No. 16.) The Court entered the stipulation on January 2, 2024, and directed the Clerk of the Court to terminate Defendants CDCR, State of California, and Defendant Steve Smith. Thus, through the parties' stipulation of dismissal, the parties to the causes of action that were subject to the Court's recommendations have been dismissed by agreement. Nonetheless, while these parties are dismissed in line with the recommendation, the Court shall adopt the recommendation to proceed on the claims to be found cognizable, as in accord with the lack of objections and the stipulated dismissal.

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis. Thus, the Court **ORDERS**:

1. The findings and recommendations, filed on December 20, 2023, (Doc. 15) are **ADOPTED IN FULL**.
2. The case is remanded to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **January 12, 2024**

UNITED STATES DISTRICT JUDGE

3