# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO GREEN,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | Case No. 1:23-cv-01108-SAB<br><br>ORDER RE STIPULATION FOR VOLUNTARY DISMISSAL WITH PREJUDICE DIRECTING THE CLERK OF THE COURT TO TERMINATE DEFENDANT DUNCAN AS A PARTY IN THIS ACTION<br><br>(ECF No. 31) |

On July 25, 2023, Plaintiff filed this action against the California Department Of Corrections and Rehabilitation ("CDCR"); the State of California (the "State"); Warden Steve Smith ("Smith"); Lieutenant William M. Whitley, Badge Number 70558 ("Whitley"); Sergeant William A. Velasquez, Badge Number 84404 ("Velasquez); Correctional Officer Shane McHoul, Badge Number 91612 ("McHoul"); (7) Correctional Officer Daniel Contreras, Badge Number 88453 ("Contreras"); Correctional Officer Rodrigues, Badge Number 86265 ("Rodrigues"); Correctional Officer Amanda Duncan, Badge Number 62599 ("Duncan"); and Does 1-50. (Compl. at 1.) The complaint was screened on November 22, 2023 and Plaintiff was ordered to file a notice that he wished to proceed on the claims found to be cognizable or to file an amended complaint within thirty days. (ECF No. 13.) On December 19, 2023, Plaintiff filed a notice of intent to proceed on the cognizable claims. (ECF No. 14.) On December 20, 2023, findings and

1  recommendations issued recommending the action proceed on the claims found to be cognizable.
2  (ECF No. 15.)  On December 29, 2023, a stipulation for voluntary dismissal with prejudice was
3  filed to dismiss the CDCR, State, and Defendant Smith from this action and an order entered
4  granting dismissal on January 2, 2024.  (ECF Nos. 16, 17.)  On May 28, 2028, the parties filed
5  the documents separately and the previous documents were disregarded.  (ECF Nos. 29, 30, 31.)

6        On January 16, 2024, the district judge adopted the findings and recommendations and
7  this action is proceeding on (1) an excessive force claim under the Eighth Amendment against
8  Defendants McHoul, Contreras, Rodrigues, and Duncan; (2) a failure to intervene claim in violation
9  of the Eighth Amendment against Defendants McHoul, Contreras, Rodrigues, Duncan, Whitley, and
10 Velasquez; (3) failure to provide reasonable medical care in violation of the Eighth Amendment
11 against Defendants McHoul, Contreras, Rodrigues, Duncan, Velasquez, and Whitley; (4) supervisory
12 liability, personal involvement, under § 1983 against Defendants Velasquez and Whitley; (5) battery
13 against Defendants State, CDCR, McHoul, Rodrigues, Duncan, Contreras, and Velasquez; (6) assault
14 against Defendants McHoul, Rodrigues, Duncan, Contreras, and Velasquez; (7) negligence against
15 all named Defendants; and (8) intentional infliction of emotion distress against Defendants McHoul,
16 Rodrigues, Duncan, Contreras, Velasquez, and Whitley.  On May 24, 2024, the parties filed a
17 stipulation to dismiss Defendant Duncan from this action with prejudice and to dismiss the failure to
18 protect and supervisory liability claims against Defendants Velasquez and Whitley with prejudice
19 along with a stipulated protective order.[1]  (ECF No. 28.)

20       Rule 41(a) of the Federal Rules of Civil Procedure allows a party to dismiss some or all
21 of the defendants in an action through a Rule 41(a) notice.  Wilson v. City of San Jose, 111 F.3d
22 688, 692 (9th Cir. 1997); see also Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) ("The
23 plaintiff may dismiss either some or all of the defendants—or some or all of his claims—through
24 a Rule 41(a)(1) notice.")); but see Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d
25 683, 687 (9th Cir. 2005) (The Ninth Circuit has "only extended the rule to allow the dismissal of
26 all claims against one defendant, so that a defendant may be dismissed from the entire action.").

27

28 [1] The Court addresses the stipulated protective order by separate order.

2

1  "Filing a notice of voluntary dismissal with the court automatically terminates the action as to
2  the defendants who are the subjects of the notice." Concha, 62 F.3d at 1506. Accordingly,
3  Defendant Duncan shall be terminated from this action.

4  The parties also seek to dismiss certain claims raised in this action. The Ninth Circuit has
5  held that Federal Rule of Civil Procedure 41(a)(1) cannot be used to dismiss individual claims
6  against defendants, and that Rule 15 is the proper mechanism to do so. See Hells Canyon Pres.
7  Council, 403 F.3d at 687 ("In the specific context of Rule 41(a)(1), we have held that the Rule
8  does not allow for piecemeal dismissals. Instead, withdrawals of individual claims against a
9  given defendant are governed by [Rule 15]."); Ethridge v. Harbor House Rest., 861 F.2d 1389,
10 1392 (9th Cir. 1988) (holding a plaintiff cannot use Rule 41 "to dismiss, unilaterally, a single
11 claim from a multi-claim complaint."); but see Wilson v. City of San Jose, 111 F.3d 688, 692
12 (9th Cir. 1997) ("The Plaintiff may dismiss some or all of the defendants, or some or all of his
13 claims, through a Rule 41(a)(1) notice."). The Court finds it proper to construe the parties'
14 stipulation to dismiss the cause of action as consent to amend the complaint under Rule 15 of the
15 Federal Rules of Civil Procedure. See Hells Canyon Pres. Council, 403 F.3d at 689 ("The fact
16 that a voluntary dismissal of a claim under Rule 41(a) is properly labeled an amendment under
17 Rule 15 is a technical, not a substantive distinction.") (quoting Nilssen v. Motorola, Inc., 203
18 F.3d 782, 784 (Fed. Cir. 2000)). Therefore, the Court will give full effect to the parties'
19 stipulation through a Rule 15 amendment.

20  Accordingly, IT IS HEREBY ORDERED that pursuant to the parties' stipulation:

21  1. The Clerk of the Court is DIRECTED to terminate Defendant Duncan from the docket as
22     a defendant in this action;

23  2. Plaintiff's complaint filed, July 25, 2023 is DEEMED AMENDED, and the failure to
24     protect and supervisory liability claims against Defendants Velasquez and Whitley are no
25     longer alleged in the second and fifth cause of action; and

26  3. This action is proceeding on an excessive force and failure to intervene claim under the
27     Eighth Amendment against Defendants McHoul, Contreras, and Rodrigues; failure to provide
28     reasonable medical care in violation of the Eighth Amendment, negligence, and intentional

infliction of emotional distress against Defendants McHoul, Contreras, Rodrigues, Velasquez, and Whitley; and assault and battery against Defendants McHoul, Rodrigues, Contreras, and Velasquez.

IT IS SO ORDERED.

Dated:  **May 28, 2024**

UNITED STATES MAGISTRATE JUDGE